**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JON L. DENNIS,**

      **Petitioner,**

      **v.**                                     **Case No. 2:03-cv-587**

                                                 **JUDGE SARGUS**

**GORDON LANE,**                          **Magistrate Judge KEMP**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss this case as untimely or unexhausted be **DENIED** and that claims one and two be **DISMISSED** from the petition as unexhausted. The Magistrate Judge further **RECOMMENDS** that proceedings in this action be **STAYED** pursuant to petitioner's request pending petitioner's exhaustion of state court remedies. Petitioner must commence state court proceedings within thirty (30) days, and he must advise this Court within thirty (30) days of completion of state court action regarding these claims. Petitioner should also be **ORDERED** to advise this Court every ninety days of the status of state court proceedings. Failure to comply with the foregoing may result in dismissal of this action.

### I. PROCEDURAL HISTORY

On May 20, 1999, petitioner was charged by a Bill of Information with rape on a person less

than thirteen years of age, in violation of O.R.C. §2907.02(A)(1)(b). Exhibit 2 to Return of Writ. On the same date, while represented by counsel, petitioner waived prosecution by indictment and pleaded guilty to the charge. Exhibits 3 and 4 to Return of Writ. Petitioner was classified as a sexual predator and sentenced to five years incarceration. Exhibit 5 to Return of Writ. Petitioner never filed a timely appeal of his conviction and sentence; however, on July 29, 1999, petitioner filed a motion for leave to appeal with the Fourth District Court of Appeals. Exhibit 7 to Return of Writ. The appellate court granted petitioner's motion for delayed appeal.  Represented by new counsel, petitioner asserted the following assignments of error on direct appeal:

> 1. The defendant-appellant was denied effective assistance of counsel in violation of his constitutional rights pursuant to the 6th and 14th Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
>
> 2. The trial court erred to the prejudice of defendant-appellant by accepting a plea of guilty to a bill of information without a proper determination as to whether said plea was knowingly, voluntarily and intelligently entered.
>
> 3. The trial court erred in contravention of defendant-appellant's constitutional rights to due process of law by not providing adequate notice of the sexual predator classification hearing.
>
> 4. The trial court erred to the prejudice of defendant-appellant by making an improper finding that the defendant-appellant was a sexual predator pursuant to R.C. §§2950.01 and 2950.09.

Exhibit 8 to Return of Writ. On February 28, 2000, the Fourth District Court of Appeals affirmed the judgment of the trial court. Exhibit 11 to Return of Writ. Petitioner never filed an appeal of the appellate court's decision to the Ohio Supreme Court. On August 11, 1999, however, petitioner filed a *pro se* petition to vacate or set aside his sentence in the trial court. Exhibit 12 to Return of Writ. He asserted the following claims:

> 1. Ineffective assistance of counsel.

2

> 2. Held illegally without an indictment.

*Id*. On November 15, 1999, the trial court denied petitioner's post conviction petition. Exhibit 14 to Return of Writ. Petitioner never filed an appeal of the trial court's decision. On December 13, 2002, petitioner filed an application for delayed reopening of the appeal pursuant to Ohio Appellate Rule 26(B) in which he asserted the ineffective assistance of appellate counsel. Exhibit 15 to Return of Writ. On December 26, 2002, the appellate court denied the application as untimely. Exhibit 16 to Return of Writ. Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court. He asserted the following propositions of law:

> 1. Did the complaint and information inform accused of the charge.
>
> 2. The use of felony information in expedite [sic] a criminal charge violate[d] due process.

Exhibit 19 to Return of Writ. On April 23, 2003, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. Exhibit 21 to Return of Writ. On April 4, 2003, petitioner filed a motion for judicial release with the trial court. Exhibit 22 to Return of Writ. On May 12, 2003, petitioner's motion was denied. Exhibit 24 to Return of Writ.

Petitioner appears to agree with the foregoing procedural history of this case, but adds the following: On July 11, 2000, petitioner filed a petition for a writ of habeas corpus with the Ohio Supreme Court. He asserted the following claims:

> 1. In the absence of a sufficient formal accusation a court acquires no jurisdiction.
>
> 2. ... A statute that violates the doctrine of separation of powers act is unconstitutional.
>
> 3. ... In the case *sub judice*, the first trial court was not a court of competent jurisdiction as there was no valid charging instrument before the court.

3

> 4. A municipal court does not acquire competent jurisdiction in a criminal case when the complaint and affidavit are not properly signed by the complainant.

Exhibit A to Traverse. On August 30, 2000, the Ohio Supreme Court *sua sponte* dismissed petitioner's habeas corpus action. Exhibit B to Traverse. On September 18, 2000, petitioner filed a petition for a writ of habeas corpus with the trial court. *See* Exhibits C and D to Traverse. He asserted as follows:

> 1. Petitioner contends that his complaint and information does not contain the essential elements to constitute rape, R.C. §2907.02.
>
> 2. Petitioner contends that the trial court err[ed] in using a felony information to prosecute a defendant within 24 hour[s] from the time he was told the charge was rape to the final hearing in the signing of the guilty plea.

Exhibit D to Traverse. On January 17, 2002, the trial court denied petitioner's petition for a writ of habeas corpus. Exhibit F to Traverse. Petitioner filed a timely appeal of the trial court's decision to the Third District Court of Appeals. He asserted the following assignments of error:

> 1. Respondent failed to timely file brief.
>
> 2. R.C. §2969.25(A)(C) does not apply to habeas corpus actions.
>
> 3. Complaint is not signed by the complai[nant].
>
> 4. Complaint and information does not have the essential element to charge an offense.
>
> 5. The use of a felony information to expedite criminal charges [sic].
>
> 6. Journal entry from Marion County Court of Common Pleas has the wrong heading.

Exhibit G to Traverse. On May 9, 2002, the appellate court affirmed the judgment of the trial court. Exhibit H to Traverse. Petitioner never filed a timely appeal of the appellate court's decision to the

4

Ohio Supreme Court. He attempted to file a delayed appeal, *see* Exhibits I and J to Traverse, but his filing was not accepted by the Ohio Supreme Court. A deputy clerk for the Ohio Supreme Court advised petitioner in a letter dated July 19, 2002, that because Ohio does not permit delayed appeals in civil proceedings, the Ohio Supreme Court would not accept his untimely appeal. Exhibit K to Return of Writ.

On June 6, 2003, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Defendant's due process rights w[ere] violated when he was charged one day and convicted the next day on a bill of information.
>
> 2. The conviction obtained by guilty plea was not made voluntarily with understanding of the nature of the charge and consequences.
>
> 3. The bill of information does not protect the defendant from double jeopardy and violates due process.

It is the position of the respondent that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d); alternatively, respondent contends that claim two is unexhausted, and claims one and three are procedurally defaulted.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Respondent has not objected to or otherwise disputed petitioner's recitation of the procedural history in this case. Thus, in view of the procedural history outlined by respondent and petitioner, petitioner's conviction became final on April 13, 2000, forty-five days after the appellate court's February 28, 2000, decision denying petitioner's direct appeal, when the time period expired to file a timely appeal to the Ohio Supreme Court. *See* Ohio Supreme Court Rule of Practice II, Section 2(A)(1)(a);[1] *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 515,

---

[1] Ohio Supreme Court Rule of Practice II, Section 2 provides in relevant part:

(A) Perfection of Appeal.

(1)(a) To perfect an appeal from a court of appeals to the Supreme Court, other than in a certified conflict case (which is addressed in S. Ct. Prac. R. IV), the appellant shall file a notice of appeal in the Supreme Court within 45 days from

519 (6th Cir. 2001). The statute of limitations ran for a period of eighty-eight days, until July 11, 2000, when petitioner filed a petition for a writ of habeas corpus with the Ohio Supreme Court. The running of the statute of limitations was then tolled pursuant to 28 U.S.C. §2244(d)(2) until November 28, 2000, ninety days after the Ohio Supreme Court's August 30, 2000, dismissal of petitioner's habeas corpus petition, *i.e.*, the time period within which petitioner could have filed a petition for a writ of *certiorari* to the United States Supreme Court. *Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004); *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003). During that time, on September 18, 2000, petitioner filed his second habeas corpus petition with the state trial court. Such action likewise tolled the running of the statute of limitations pursuant to 28 U.S.C. §2244(d)(2) until June 23, 2002, forty-five days after the state appellate court's May 9, 2002, decision dismissing petitioner's second habeas corpus petition, *i.e.*, the time period within which petitioner could have filed an appeal to the Ohio Supreme Court. The statute of limitations then ran from June 23, 2002, until December 13, 2002 (a period of 173 days), when petitioner filed a delayed application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B). The statute of limitations was tolled for the time period during which such action was pending, until April 23, 2003. *Bronaugh v. Ohio*, 235 F.3d 280, 286 (2000).[2] Petitioner signed the instant petition approximately one month later, on May 21, 2003. Thus, it appears that this action is timely.

---

the entry of the judgment being appealed.

[2] This Court need not consider here whether the statute of limitations was tolled the additional ninety days within which petitioner could have filed a petition for a writ of *certiorari* to the United States Supreme Court, since whether or not such time period is included, it appears that this action is timely.

7

### III. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

In claim two, petitioner asserts that his guilty plea was not knowingly, intelligently, or voluntarily made. This claim, being readily apparent from the face of the record, was raised properly on direct appeal; however, petitioner never filed an appeal of the appellate court's decision to the Ohio Supreme Court.[3] Further, he may still file a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a).[4] Thus, petitioner has failed to exhaust state

---

[3] Petitioner states that he never filed an appeal to the Ohio Supreme Court because he was unaware that he could do so. *Traverse*, at 7.

[4] Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a) provides:

In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. The motion shall state the date of entry of the judgment being appealed and adequate reasons for the delay. Facts supporting the motion shall be set forth in an affidavit. A copy of the court of

court remedies as to claim two.

In claim one, petitioner asserts that he was denied due process "when he was charged one day and convicted the next day on a bill of information." Respondent argues that such claim is unexhausted because petitioner raised this allegation in his August 11, 1999, petition for post conviction relief, and he has never filed any appeal of the trial court's November 15, 1999, decision denying the petition. Alternatively, respondent argues that the claim is waived because petitioner failed to present the claim fairly to the state courts as a federal constitutional issue. *Return of Writ*, at 18-19. In response, petitioner states that he did not know that the trial court had denied his petition for post conviction relief until this action commenced, and he was unaware that he could file an appeal of the trial court's decision. Additionally, petitioner argues that the judgment entry issued by the trial court denying his petition for post conviction relief fails to include any findings of fact or conclusions of law as required under Ohio law, and therefore, he may still file a timely appeal of the trial court's decision. *Traverse,* at 8-9.

Review of the record indicates that petitioner's allegations in claim one appear to rely on matters that are readily apparent from the face of the record, and would properly be raised on direct appeal. Nonetheless, petitioner raised similar allegations in a petition for post conviction relief pursuant to O.R.C. §2953.21. The trial court's November 15, 1999, judgment entry dismissing petitioner's post conviction action indicates:

> This cause came before the court for non-oral hearing the 12th day of
> November, 1999, on Defendant's Motion for suspension of execution
> of sentence and release on bail pending appeal from judgment filed

---

appeals opinion and the judgment entry being appealed shall be attached to the motion.

9

>November 1, 1999. The State filed it's [sic] Response on November 12, 1999.
>
>The Court, having reviewed the Motion and Response finds the Motion not well-taken and hereby denies same.

Exhibit 14 to Return of Writ. The Magistrate Judge is unable to determine from the record here whether the trial court ever issued findings of fact and conclusions of law regarding petitioner's claims. Assuming that no findings of fact or conclusions of law were ever issued, petitioner may still request the trial court to issue such findings and file an appeal of the trial court's November 15, 1999, decision. *See State v. Mapson,* 1 Ohio St.3d (1982). Assuming that such remedy remains available to petitioner, he also must file an appeal of any adverse decision to the Ohio Supreme Court in order to exhaust state court remedies as to these claims. However, in the event that such remedy no longer remains available to petitioner, Ohio law is clear: delayed appeals are not permitted in post conviction proceedings. *State v. Nichols*, 11 Ohio St.3d 40, 42 (1984).

Petitioner requests this Court to hold proceedings in this case in abeyance while he exhausts state court remedies rather than dismiss this case in its entirety. In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a federal district court must dismiss a habeas corpus petition containing both unexhausted and exhausted claims. *See also Pilette v. Foltz*, 824 F.2d 494 (6th Cir. 1987). However, *Rose v. Lundy, supra*, was decided before the Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year statute of limitations on the filing of habeas corpus petitions (28 U.S.C. §2244(d)), and when a dismissal for failure to exhaust state court remedies did not pose the risk that any future habeas action would be barred by the statute of limitations.

>There is no basis to believe that today's holdings... will serve to "trap the unwary *pro se* prisoner." (BLACKMUN, J., post, at 1209.) On

> the contrary, our interpretation of §2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement. Those prisoners who misunderstand this requirement and submit mixed petitions nevertheless are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims.

*Rose v. Lundy, supra*, 455 U.S. at 519. Thus, *Rose v. Lundy* "contemplated that the prisoner could return to federal court after the requisite exhaustion." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), citing *Rose v. Lundy, supra*.

Although it appears that the instant action is timely, the time period during which a federal habeas petition is pending does not toll the running of the statute of limitations under 28 U.S.C. §2244(d)(2). *Duncan v. Walker*, 121 S.Ct. 2120, 2124 (2001). Therefore, should this Court dismiss the petition in its entirety rather than stay proceedings while petitioner pursues additional state court remedies in this case, the one-year statute of limitations may bar any future habeas corpus filing.

In *Duncan v. Walker, supra*, Supreme Court Justices Souter and Stevens, concurring in part and concurring in the judgment, considered this conundrum:

> [A]lthough the Court's pre-AEDPA decision in *Rose v. Lundy*, 455 U.S. 509, 522... prescribed the dismissal of federal habeas corpus petitions containing unexhausted claims, in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C §2254(b)(2)(1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Id.*, 121 S.Ct. at 2129.

Additionally, in *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the United States Court of Appeals for the Sixth Circuit held that under these circumstances,

> [a] district court should dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court. [*Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001)]. To allay the concern that a petitioner might take an undue amount of time to pursue state court remedies... a brief, reasonable time limit [should be imposed] upon the petitioner to present claims to state courts and return to federal court exhaustion, "normally 30 days" after a stay is entered for the former, and "30 days" after state court exhaustion is completed for the latter. *Id.* at 381.

*Id.*

**IV**.

Based upon the foregoing, the Magistrate Judge **RECOMMENDS** that claims one and two be **DISMISSED** from the petition as unexhausted, and that further proceedings in this case be **STAYED** pending petitioner's exhaustion of state court remedies. Petitioner must commence state court proceedings within thirty days, and he must advise this Court within thirty days of completion of state court action. Petitioner should also be **ORDERED** to advise this Court every ninety days of the status of state court proceedings. Failure to comply with the foregoing may result in dismissal of this action.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
                              /s/ Terence P. Kemp
                              United States Magistrate Judge
```